UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:12-CV-1354-KRS

ZAFFAULA KHAN,

    PLAINTIFF,

V.

METROPOLITAN CASUALTY INSURANCE
COMPANY,

    DEFENDANT.
_____/

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MEMORANDUM OF LAW ADDRESSING THE RIPENESS OF PLAINTIFF'S BREACH OF CONTRACT CLAIMS

Defendant, METROPOLITAN CASUALTY INSURANCE COMPANY ("Metropolitan"), pursuant to the Court's January 7, 2014 Supplemental Briefing Order [D.E. 54], files its Response to Plaintiff's Memorandum of Law Addressing the Ripeness of Plaintiff's Breach of Contract Claims [D.E. 55].

### INTRODUCTION

Plaintiff attempts to bring a breach of insurance contract action against Metropolitan stemming from an August 28, 2011 water loss and a January 3, 2011 sinkhole loss when those claims were never denied. Under the 11th Circuit's decision in The Yacht Club on the Intercoastal Condo Association, Inc. v. Lexington Ins. Co., et. al., 509 Fed. Appx. 919 (11th Cir. 2013), Plaintiff's breach of contract action is not ripe because Metropolitan never denied the claims. Rather, Metropolitan advised Plaintiff it was unsure as to whether or not Plaintiff's actions voided coverage and that it would pursue a declaratory action to resolve the question prior to making a coverage decision.

Metropolitan was then sued by Plaintiff, so it brought a counter-claim for declaratory relief. Seeking a judicial declaration as to the parties' rights and obligations under the insurance contract is not tantamount to a denial.

Plaintiff concedes the claim was not denied[1]. To get around Yacht Club, the Plaintiff argues, for the first time, that a breach of contract claim against Metropolitan is ripe based on Metropolitan purported failure to comply with Florida Statutes § 627.70131. As detailed below Plaintiff's reliance in § 627.70131 is misplaced.

Plaintiff's argument focuses on the following language: "[w]ithin 90 days after an insurer receives notice of a… claim from a policyholder, the insurer shall pay or deny such claim." Fla. Stat § 627.70131(5)(1). Plaintiff omitted the remainder of that section from his briefing which states unequivocally that an insurer's failure to comply with the 90 day requirement "…does not form the sole basis for a private cause of action." Id. Thus, Plaintiff's breach of contract could not be based solely on violation of the statute.

Furthermore, even if Plaintiff could bring an action based on a violation of § 627.70131, Metropolitan has not violated the statute. Rather, the statute provides an exception to the general rule requiring payment or denial within 90 days where "…the failure to pay is caused by factors beyond the control of the insurer which reasonably prevent such payment." Id. In this matter the factors beyond Metropolitan's control which reasonably prevented it from paying or denying Plaintiff's claims within 90 days included the need to determine whether the Plaintiff had an insurable interest in the subject property, the discovery of Plaintiff's prior bankruptcy, and the need for

---

[1] See D.E. 55 at p. 5 "…[Metropolitan] still had not paid or denied the claims at issue. Accordingly, [Plaintiff] filed this lawsuit against [Metropolitan] for breach of contract…"

declaratory relief from the Court regarding whether Plaintiff is able to make a claim given his prior failure to disclose the property or his interest in Spring Valley Real Estate during his bankruptcy proceedings.

Plaintiff argues in the alternative that Metropolitan breached the Policy by failing to comply with the requirement set forth under § 4 A 2. of endorsement H698E, which also provides that Metropolitan is to pay or deny a claim within 90 days after receiving notice of the claim. However, like § 627.70131, the Policy also provides an exception "…if factors beyond [Metropolitan's] control reasonably prevent such payment."[3] Again, the factor beyond Metropolitan's control that reasonably prevented payment within 90 days was initially the fact that Plaintiff's insurable interest in the property could not be determined. Additionally, during Metropolitan's diligent investigation of the Plaintiff's claims it came to Metropolitan's attention that Plaintiff may be judicially estopped from pursuing any claims related to the subject property. Until Metropolitan receives the declaratory relief it seeks from the Court regarding whether or not Plaintiff is judicially estopped from pursuing his claims, Metropolitan cannot determine whether it will be obligated to make payment for the claimed damages.

Because Metropolitan has not denied Plaintiff's claims any breach of contract action is not ripe under Yacht Club. Accordingly, the Court lacks jurisdiction and Plaintiff's action should be dismissed, however the declaratory action can proceed.

## **Factual Background**

While evaluating Plaintiff's claims, Metropolitan's found that Plaintiff's insurable interest in the Property was not readily ascertainable. *See Declaration of Audrey Cerf*

---

[3] Endorsement H698E, ¶ 4 A 2 at p. 3.

*attached hereto as* **Exhibit "A"** at ¶ 5,6. Although Plaintiff was the named insured under the Policies it was discovered that he did not personally own or hold title to the property. Prior to the claimed losses and prior to seeking debt relief through bankruptcy, Plaintiff transferred title of the Property to Spring Valley Real Estate, LLC ("Spring Valley"). Additionally, Metropolitan's investigation revealed that other individuals were listed as members of Spring Valley. Id. at ¶ 9. Plaintiff now claims that he is currently, and has always been, the only person with any interest in Spring Valley and that any confusion regarding the existence of other members in Spring Valley was caused by a clerical mistake. That was not known to Metropolitan during the first 90 days of the investigation.

During the investigation of the Plaintiff's claims Metropolitan also learned the Plaintiff filed a petition for Chapter 7 bankruptcy (the "Petition") on October 7, 2009 in the United States Bankruptcy Court Middle District of Florida.[4] In reviewing Plaintiff's bankruptcy filings it became apparent he failed to acknowledge any ownership interest in the Property or Spring Valley, which explicitly required Plaintiff to identify any real property, personal property and business interests in which he had an interest. Ultimately, Plaintiff succeeded in having his personal debts discharged through the Chapter 7 bankruptcy while hiding his interest in the Property or in Spring Valley.

Due to actions taken during his bankruptcy proceedings, Metropolitan believes that Plaintiff is judicially estopped from pursuing any claim for alleged damage to the Property. Although other courts across the country have agreed with Metropolitan's

---

[4] Case 6:09-bk-15126-KSJ. Plaintiff's petition for chapter 7 bankruptcy was entered as D.E. 1 in that matter.

position, Metropolitan is seeking a declaration from this Court clarifying whether Plaintiff may pursue the instant claims because application of the judicial estoppel doctrine in this scenario appears to be an issue of first impression in Florida. Without the requested declaratory relief sought by Metropolitan, Metropolitan is unable to determine its obligations, if any, under the Policy. It is this very uncertainty, caused by Plaintiff's own actions and misrepresentations, which reasonably prevented Metropolitan from paying or denying Plaintiff's claims.

## MEMORANDUM OF LAW

### I.   PLAINTIFF'S BREACH OF CONTRACT ACTION IS NOT RIPE BECAUSE METROPOLITAN HAS NOT DENIED HIS CLAIMS

Binding precedent is clear – an action by an insured against his insurer for breach of the insurance contract is not ripe until the insurer denies a claim. Yacht Club at 921 ("…under Florida law, a specific refusal to pay an insurance claim is the breach that triggers the cause of action."); *See also* Moynihan v. West Coast Life Ins. Co., 607 F.Supp.2d 1336, 1339 (N.D. Fla. 2009) ("Until [the insurer] exercises its rights under the policy to deny the claim, Plaintiff cannot maintain that there has been a breach or that his rights have been affected."); Passman v. State Farm Fire and Cas. Co., 779 So.2d 323, 325 (Fla. Dist. Ct. App. 1999) (stating that the cause of action accrued when insurer denied insured's claim).

Metropolitan has not denied Plaintiff's claims. Instead, Metropolitan is seeking a judicial declaration as to the parties' rights and obligations under the insurance contract. Filing a declaratory judgment action is not akin to denying a claim. The purpose of declaratory judgment action is to "declare the rights and other legal relations of any

interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201; See also Rowan Cos. v. Griffin, 876 F.2d 26, 28 (5th Cir. 1989) ("The declaratory judgment vehicle . . . is intended to provide a means of settling an actual controversy before it ripens into . . . a breach of a contractual duty." (citation omitted)).

Accordingly, Plaintiff's breach of contract claim is not ripe for adjudication.

## II. PLAINTIFF CANNOT MAINTAIN HIS BREACH OF CONTRACT ACTION BASED ON A PURPORTED VIOLATION OF FLORIDA STATUTES § 627.70131

Plaintiff argues that Metropolitan's inability to pay or deny the claims within 90 days "…constitutes a violation of the statute, a breach of the policy, and a constructive denial of [Plaintiff's] claims." [D.E. 55 at p. 8]. That position is incorrect.

### A.   *There is No Private Cause of Action for a Violation of § 627.7031*

As previously noted above, Plaintiff ignores the portion of § 627.70131 which explicitly states that failure to comply with the 90 day requirement "…does not form the sole basis for a private cause of action." In its entirety the pertinent subsection of §627.70131 provides as follows:

> **(5)(a)** Within 90 days after an insurer receives notice of an initial, reopened, or supplemental property insurance claim from a policyholder, the insurer shall pay or deny such claim or a portion of the claim **unless the failure to pay is caused by factors beyond the control of the insurer which reasonably prevent such payment**. Any payment of an initial or supplemental claim or portion of such claim made 90 days after the insurer receives notice of the claim, or made more than 15 days after there are no longer factors beyond the control of the insurer which reasonably prevented such payment, whichever is later, bears interest at the rate set forth in s. 55.03. Interest begins to accrue from the date the insurer receives notice of the claim. The provisions of this subsection may not be waived, voided, or

> nullified by the terms of the insurance policy. If there is a right to prejudgment interest, the insured shall select whether to receive prejudgment interest or interest under this subsection. Interest is payable when the claim or portion of the claim is paid. Failure to comply with this subsection constitutes a violation of this code. However, **<u>failure to comply with this subsection does not form the sole basis for a private cause of action</u>**.

§627.70131 (emphasis added)

"Based on the plain language of the statute, Dome is precluded from bringing a claim that only seeks recovery based on section 627.70131." <u>QBE Ins. Corp. v. Dome Condo. Ass'n</u>, 577 F. Supp. 2d 1256, 1261 (S.D. Fla. 2008) Despite the fact that §627.70131 specifically provides that a violation of the statute section does not form the basis for a cause of action, Plaintiff would have the Court step into the shoes of the legislature and create one for him.

Further, the statute does not provide any remedy for a violation. In a lengthy discussion, the Florida Supreme Court in found that in the absence of an express penalty attached to a statute the court is not at liberty to supply one. <u>QBE Ins. Corp. v. Chalfonte Condo Apartment Association, Inc.</u>, 94 So.3d 541, 550-553 (Fla. 2012); *See also* <u>Mailloux v. Briella Townhomes, LLC</u>, 3 So. 3d 394, 396 (Fla. Dist. Ct. App. 2009) ("It remains for the Legislature to create a private cause of action. . ."); <u>Trianon Condo. Ass'n v. QBE Ins. Corp.</u>, 741 F. Supp. 2d 1327, 1332 (S.D. Fla. 2010) ("QBE submits that there is no independent cause of action for violating Section 627.701(4)(a). The Court agrees. If a penalty had been intended, the Legislature was fully capable of supplying one and, in fact, did provide specific remedies in other sections of the statute. The Court will not create a penalty where the Legislature chose not to do so.").

Since the legislature has chosen not to provide a private cause of action for violation of §627.70131, and the language of the statute prevents one, Plaintiff's argument must fail.

### B. Factors Beyond the Control of Metropolitan Reasonably Prevented Metropolitan From Paying or Denying Plaintiff's Claims Within 90 Days

Assuming, *arguendo*, Plaintiff could assert a private cause of action under § 627.70131, Plaintiff's argument would still fail because Metropolitan's inability to make payment or deny the claim within 90 days was caused by factors beyond Metropolitan's control. Specifically, Plaintiff's insurable interest in the Property could not initially be determined due to Plaintiff's own clerical errors which created the appearance of multiple members in Spring Valley. Further, given Plaintiff's misrepresentations to the Bankruptcy Court and Metropolitan concerning his interest in the Property and Spring Valley, Metropolitan is still unable to determine its obligations under the policy for the subject claims without the Court providing a declaration regarding the effect of Plaintiff's prior actions in the bankruptcy proceedings on his ability to pursue any claim under the Policies. [Exh. C at § 12].

### III. PLAINTIFF CANNOT MAINTAIN HIS BREACH OF CONTRACT ACTION BASED ON ENDORSEMENT H698E

Plaintiff also argues that Metropolitan breached the Policy by violating the 90 day requirement under Endorsement H698E[6], which provides as follows:

> \*\*\*
> …Loss will be payable upon the earlier of the following:

---

[6] Defendant notes that Plaintiff did not allege in his Complaint that Metropolitan breached the contract by failing to conform to the endorsement or the statute.

> \*\*\*
>
> 2.   If payment is not denied, within 90 days after we receive notice of the claim. However, **this provision (A.2.) does not apply if factors beyond our control reasonably prevent such payment**.
>
> \*\*\*

However, as with §627.70131, a logical exception to the 90 day requirement is made for situations where Metropolitan is reasonably unable to make payment within 90 days due to factors beyond its control. Metropolitan incorporates and refers the Court to the preceding sections for why it reasonably could not be expected to make payment because of Plaintiff's actions in the Bankruptcy Court and with regard to issues of insurable interest. Metropolitan is currently awaiting the Court's ruling on its declaratory action to provide guidance so to the parties' rights and obligations, if any.

## **CONCLUSION**

Under Yacht Club's binding precedent, Plaintiff has no ability to bring a breach of contract since Metropolitan has not denied his claims. Plaintiff's efforts to side step Yacht Club's requirement of a denial are unavailing. Plaintiff cannot maintain a breach of contract action under § 627.70131 because: (1) the statute explicitly states that its violation does not form the sole basis for a cause of action; and, (2) factors beyond Metropolitan's control reasonably prevented Metropolitan from making payment within 90 days. The same reasons defeat Plaintiff's argument under Endorsement H698E. Plaintiff cannot maintain a breach of contract action under the Policy because it simply has not been breached. Metropolitan's inability to make payment for Plaintiff's claims within 90 days was caused by factors beyond its control and Plaintiff's own actions.

**WHEREFORE,** Defendant, respectfully requests the Court dismiss Plaintiff's breach of contract action against Metropolitan for lack of jurisdiction. Metropolitan also requests that Court consider its counterclaim for declaratory relief as the relief sought therein is independent of Plaintiff's breach of contract.

Respectfully submitted,

**BERK, MERCHANT & SIMS, PLC.**

*/s/ Evan M. Brooks*
William S. Berk, Esq.
Florida Bar No.: 349828
wberk@berklawfirm.com
mjoseph@berklawfirm.com
Patrick E. Betar, Esq.
Florida Bar No.: 11073
pbetar@berklawfirm.com
Evan M. Brooks, Esq.
Florida Bar No.: 68310
ebrook@berklawfirm.com
kmendez@berklawfirm.com
2 Alhambra Plaza, Suite 700
Coral Gables, Florida 33134
Telephone:   (786) 338-2877
Facsimile:   (786) 338-2888
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of January, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and the foregoing document is being served on **Daniel Gutierrez, Esq.**, P.O. Box 560460 Orlando, Florida 32856 via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Evan M. Brooks*
Evan M. Brooks